JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ANDREA AND JESSE WILLMAN

**DEFENDANTS**
STATE FARM D/B/A/ STATE FARM FIRE & CASUALTY COMPANY

**(b)** County of Residence of First Listed Plaintiff  Berks County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  MCLEAN, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marty Durkin, Esquire 1515 Market Street, Suit 940, Philadelphia PA 19103 (215) 569-9090

Attorneys (If Known)
Pamela A. Carlos, Esquire, Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3315

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   X 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332, 1441 and 1446
Brief description of cause:
breach of contract, bad faith pursuant to 42 Pa. C.S.A. 8371

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ In excess $75,000   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   x No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
September 9, 2015

SIGNATURE OF ATTORNEY OF RECORD
*Pamela A. Carlos*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff : __1323 Garfield Avenue, Wyomissing, Pennsylvania__

Address of Defendant: __One State Farm Drive, Bloomington, Illinois, 61701__

Address of Co-Defendant:_____

Place of Accident, Incident or Transaction __1323 Garfield Avenue, Wyomissing, Pennsylvania__

      (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐  No X

Does this case involve multidistrict litigation possibilities?      Yes ☐  No X

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes ☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes ☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. X Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**

(Check appropriate Category)

I,_____, counsel of record do hereby certify:

   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐ Relief other than monetary damages is sought.

**DATE:** _____          _____        _____

           Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** __September 9, 2015__     *Pamela A. Carlos*     __56396__

                  Attorney-at-Law                Attorney I.D.#

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREA AND JESSE WILLMAN | : |
| | : |
| vs. | : |
| | : |
| | : |
| STATE FARM d/b/a STATE FARM | : |
| FIRE AND CASUALTY COMPANY | :     NO. |

## DISCLOSURE STATEMENT FORM

Please check one box:

X          100 % stock of the nongovernmental corporate party, State Farm Fire and Casualty Company is owned by State Farm Mutual Insurance Company. No publicly traded entity owns any of its stock.

        The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

September 9, 2015 _____            _Pamela A. Carlos_
Date                                  Signature

          Counsel for:         State Farm Fire and Casualty  Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREA AND JESSE WILLMAN** | : |
| | : |
| **vs.** | : |
| | : |
| | : |
| **STATE FARM d/b/a STATE FARM** | : |
| **FIRE AND CASUALTY COMPANY** | :     **NO.** |

### DISCLOSURE STATEMENT FORM

Please check one box:

X          100 % stock of the nongovernmental corporate party, State Farm Fire and Casualty Company is owned by State Farm Mutual Insurance Company. No publicly traded entity owns any of its stock.


          The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:


__September 9, 2015__                    *Pamela A. Carlos*
          Date                                          Signature

                    Counsel for:          State Farm Fire and Casualty Company

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **ANDREA AND JESSE WILLMAN** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | |
| **STATE FARM d/b/a STATE FARM** | : | |
| **FIRE AND CASUALTY COMPANY** | : | **NO.** |

       In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| **09/09/15** | **Pamela A. Carlos, Esquire** | **State Farm Fire & Casualty Company** |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |

| | | |
|---|---|---|
| **(215) 665-3315** | **(215)561-6661** | **Carlos@bbs-law.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

ANDREA AND JESSE WILLMAN    :
    :
    **vs.**    :
    :
STATE FARM d/b/a STATE FARM    :
FIRE AND CASUALTY COMPANY    :    NO.

## NOTICE FOR REMOVAL OF CIVIL ACTION
## FROM STATE COURT

AND NOW, comes defendant, State Farm d/b/a State Farm Fire and Casualty Company, (hereinafter "State Farm" or "defendant") for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.    This is a civil action filed and now pending in the Court of Common Pleas of Berks County, Pennsylvania, No. 15-12553.

2.    Said action was commenced by the filing of a Writ on May 21, 2015. The Complaint was then filed on August 15, 2015 and was served on defendant's counsel on August 23, 2015. A true and correct copy of plaintiffs' Complaint is attached hereto, made a part hereof and marked as Exhibit "A".

3.    The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

4.    This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiffs are individuals who now, and were at the time plaintiffs commenced this action, citizens of this Commonwealth. Defendant State Farm is now, and was at the time plaintiffs commenced this civil action and filed their complaint, a corporation organized under the laws of the

State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

5.      Defendant, State Farm, has simultaneously with the filing of this notice, given written notice to the plaintiffs.

6.      Defendant, State Farm, is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Berks County.

7.      The Complaint asserts breach of contract and bad faith pursuant to 42 Pa.C.S.A. § 8371. The amount in controversy with regard to the breach of contract claim is listed to be less than $50,000. There is no specific averment of damages in the complaint and plaintiffs do not attach any estimates of damages to their complaint. Plaintiffs only state that plaintiffs will incur a significant expense, in an amount to be determined, in order to rebuild their premises. [1]

8.      In their bad faith claim, pursuant to 42 Pa. C.S.A. §8371, plaintiffs seek in addition to compensatory damages, interest upon the amount of the contract claim against defendant at prime rate plus three percent, punitive damages, attorney's fees and costs.

9.      Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania. Defendant asserts that the amount in controversy in this matter exceeds $75,000. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

10.     In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

_____

[1] Defense counsel contacted plaintiffs' counsel to determine if plaintiffs would be willing to stipulate to capping damages to $75,000. At the time of this filing, plaintiffs' counsel had not yet responded.

11.    The underlying lawsuit as alleged in the Complaint arises out of defendant's handling of a property damage claim to plaintiffs' property located at 1323 Garfield Avenue, Wyomissing, Pennsylvania 19610 for a loss that occurred on or about May 22, 2014.

12.    There is no specific assertion as to the amount in controversy set forth in plaintiffs' complaint. However, plaintiffs aver in their breach of contract claim that the damages caused by the loss were less than $50,000. See Exhibit "A". Plaintiffs also claim to have incurred a "significant expense".

13.    With reference to their bad faith claim pursuant to 42 Pa. C.S.A.§8371, plaintiffs aver that they are seeking punitive damages, interest, as well as attorney's fees and costs for litigation. Attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $15,000.

14.    In addition, it is anticipated that plaintiffs will also seek punitive damages pursuant to 42 Pa. C.S.A. §8371.  Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).  The contractual amount in controversy alleged in the Complaint are unknown but some amount less than $50,000. Plaintiffs only indicate that the costs they will incur to rebuild are "significant". Based on the allegations in the Complaint, coupled with estimated reasonable attorneys' fees, and if plaintiffs are able to sustain a finding of bad faith, although the propriety of same is disputed by moving defendant, it is not unreasonable to expect that a punitive damage award five or six times the amount in controversy could be rendered by the trier of fact.

WHEREFORE, defendant, State Farm d/b/a State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

By: _PAC2642_ _Pamela A. Carlos_

**PAMELA A. CARLOS, ESQUIRE**
**LILY K. HUFFMAN, ESQUIRE**
**Attorney for Defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**carlos@bbs-law.com**
**(215)665-3315**
**huffman@bbs-law.com**
**(215) 665-3353**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA AND JESSE WILLMAN | : |
| | : |
| vs. | : |
| | : |
| STATE FARM d/b/a STATE FARM | : |
| FIRE AND CASUALTY COMPANY | :     NO. |

### NOTICE OF REMOVAL

**TO:**   Marty Durkin, Esquire
Durkin Law Offices, P.C.
1515 Market Street
Suite 940
Philadelphia, PA  19102

PLEASE TAKE NOTICE that defendant, State Farm d/b/a/ State Farm Fire and Casualty Company has filed in this Court a verified Notice for Removal of the State Court action, Andrea and Jesse Willman vs. State Farm d/b/a/ State Farm Fire and Casualty Company, now pending in the Court of Common Pleas of Berks County, Pennsylvania, No. 15-12553.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Berks County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court.  The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

**BY:** _Pamela A. Carlos_

**PAMELA A. CARLOS, ESQUIRE**
**LILY K. HUFFMAN, ESQUIRE**
**Attorneys for Defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**carlos@bbs-law.com**
**(215) 665-3315**
**huffman@bbs-law.com**
**(215) 665-3353**

**DATE:**  09/09/15

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA AND JESSE WILLMAN | : |
| | : |
| vs. | : |
| | : |
| STATE FARM d/b/a STATE FARM | : |
| FIRE AND CASUALTY COMPANY | :      NO. |

### DEFENDANT'S CERTIFICATION OF FILING OF
### COPY OF NOTICE OF REMOVAL WITH STATE COURT

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is a member with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm d/b/a State Farm Fire and Casualty Company.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of Berks County a copy of the Notice of Removal, attached hereto, said filing to be made on September 9, 2015.

BY:  _Pamela A. Carlos_____

**PAMELA A. CARLOS, ESQUIRE**
**Attorney for defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**Carlos@bbs-law.com**
**(215) 665-3315**

Sworn to and subscribed
before me this 9th day
of September, 2015.

_Denise M. Patsch_____
**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREA AND JESSE WILLMAN** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **STATE FARM d/b/a STATE FARM** | : | |
| **FIRE AND CASUALTY COMPANY** | : | **NO.** |

### CERTIFICATE OF SERVICE

     Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is

an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State

Farm d/b/a State Farm Fire and Casualty Company and that she certifies that a true and correct copy

of this Removal Petition was filed electronically and is available for viewing and downloading from

the Electronic Case filing system which constitutes service upon the following counsel of record :

     Marty Durkin, Esquire
     Durkin Law Offices, P.C.
     1515 Market Street
     Suite 940
     Philadelphia, PA  19102

          **BY:**    *Pamela A. Carlos*
                 **PAMELA A. CARLOS, ESQUIRE**
                 **Attorney for Defendant**
                 **BENNETT, BRICKLIN & SALTZBURG LLC**
                 **1601 Market Street, 16th Floor**
                 **Philadelphia, PA 19103**
                 **(215) 665-3353**

**Sworn to and subscribed
before me this 9th day
of September, 2015.**

*Denise M. Patsch*
**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

## AFFIDAVIT

I, Pamela A. Carlos, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm d/b/a State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

_Pamela A. Carlos_

**PAMELA A. CARLOS, ESQUIRE**

**DATE:**  September 9, 2015

# EXHIBIT "A"

**DURKIN LAW OFFICES, P.C.**
By:   Martin A. Durkin, Esquire
Attorney I.D. #37279
1515 Market Street - Suite 940
Philadelphia, PA 19102
Phone: (215) 569-9090

Attorney for Plaintiffs

| | | |
|---|---|---|
| **ANDREA AND JESSE WILLMAN** | : | COURT OF COMMON PLEAS |
| 1323 Garfield Avenue, | : | BERKS COUNTY |
| Wyomissing, Pennsylvania 19610 | : | |
| Plaintiff, | : | CIVIL LAW DIVISION |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM d/b/a STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | No. 15-12553 |
| One State Farm Plaza | : | |
| Bloomington, Illinois 61710 | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610) 375-4591
www.BerksBar.org

### AVISO

Le han demandado a usted en la courte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puedecontinuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SO NO TIENE ABODAGO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE   ENCUENTRA   ESCRITA   ABAJO   PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Servicio de Recommendacion para Contrar Abogados
Del Colegio de Abogados del Condado Berks
544 Court Street
Reading, Pennsylvania 19601
Telefono (610) 375-4591

**DURKIN LAW OFFICES, P.C.**
By:   Martin A. Durkin, Esquire
Attorney I.D. #37279
1515 Market Street - Suite 940
Philadelphia, PA 19102
Phone: (215) 569-9090                                        Attorney for Plaintiffs

| | | |
|---|---|---|
| **ANDREA AND JESSE WILLMAN** | : | COURT OF COMMON PLEAS |
| 1323 Garfield Avenue, | : | BERKS COUNTY |
| Wyomissing, Pennsylvania 19610 | : | |
| Plaintiff, | : | CIVIL LAW DIVISION |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM d/b/a STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | No. 15-12553 |
| One State Farm Plaza | : | |
| Bloomington, Illinois 61710 | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, Plaintiffs, Andrea and Jesse Willman, by and through their counsel, Durkin Law Offices, P.C., set forth the within Complaint against Defendant, State Farm d/b/a State Farm Fire and Casualty Company and state the following:

## THE PARTIES

1.      Plaintiffs, Andrea and Jesse Willman are competent adult individuals currently residing at 1323 Garfield Avenue, Wyomissing, Pennsylvania 19610.

2.      Defendant, State Farm d/b/a State Farm Fire and Casualty Company, is a Pennsylvania corporation authorized to conduct business in the Commonwealth of Pennsylvania with an office located at One State Farm Plaza, Bloomington, Illinois 61710

3.      At all times relevant and material hereto, the Defendant, State Farm d/b/a State Farm Fire and Casualty Company, was authorized to issue insurance policies in the Commonwealth of Pennsylvania.

2

4.     At all times relevant and material hereto, in consideration of a premium paid by the Plaintiffs to the Defendant, Defendant issued and delivered to Plaintiffs a homeowner's insurance policy, Policy Number 78-KS-8540-9, wherein Defendant insured Plaintiffs against losses to real and personal property and additional living expenses and costs for the properties located at 1323 Garfield Avenue, Wyomissing, Pennsylvania 19610, as more particularly set forth on the Declarations Page of said policy.

5.     The aforesaid insurance policies issued to Plaintiffs with Policy Number 78-KS-8540-9provided insurance coverage to Plaintiffs' respective premises for the time period encompassing May 22, 2014.

6.     At all times relevant and material hereto, Defendant, State Farm d/b/a State Farm Fire and Casualty Company, held itself out to the Plaintiffs as an expert in insurance matters, and knew that Plaintiffs were relying upon the Defendant to provide proper and adequate insurance and related coverages.

7.     At all times relevant and material hereto, Defendant, State Farm d/b/a State Farm Fire and Casualty Company, agreed and represented that it would obtain and maintain proper and adequate insurance coverage on Plaintiffs' properties, and personal property and additional living costs, and would cause the necessary policies to be written and issued sufficient to provide Plaintiffs full protection against risks as described in the policies.

8.     The aforesaid insurance policies with Defendant provided, *inter alia*, coverage for Plaintiffs' premises, and other coverages as described in the insurance policies.

9.     On or about May 22, 2014 during the term the aforesaid policies of insurance was in full force and effect, a severe hailstorm and wind loss occurred at Plaintiffs' properties, causing damage to said real properties.

3

10.    The May 22, 2014 hailstorm and wind loss was a covered occurrence pursuant to the terms and conditions of the aforesaid insurance policies issued by Defendant, Policy Number 78-KS-8540-9.

11.    Plaintiffs duly notified Defendant of the aforesaid losses and made a proper claim under their policies with the Defendant, State Farm d/b/a State Farm Fire and Casualty Company, for coverage and payment of Plaintiffs' losses.

12.    All conditions precedent to Plaintiffs' recovery under the aforesaid policy of insurance with Defendant, State Farm d/b/a State Farm Fire and Casualty Company, Policy Number 78-KS-8540-9 and all conditions precedent to Defendant's liability thereunder, have been performed or have occurred, but Defendant, State Farm d/b/a State Farm Fire and Casualty Company, has refused to fully compensate, and fully make payment to, Plaintiffs for the aforesaid losses as required under the terms and conditions of the policies of insurance at issue.

## COUNT I

## BREACH OF CONTRACT

## POLICY NUMBER PDP 0854623

13.    Plaintiffs incorporate the averments of paragraphs 1 through 12 as though same were fully set forth at length herein.

14.    Policy Number 78-KS-8540-9 with Defendant provided coverage for building loss at replacement cost for Plaintiffs' residence.

15.    The Plaintiffs were provided insufficient policy proceeds to restore the building.

16.    The Plaintiffs will incur significant expense, beyond that paid by Defendant, State Farm d/b/a State Farm Fire and Casualty Company, to Plaintiffs, in an amount to be determined, in order to rebuild the premises.

4

17.     All conditions precedent to Plaintiffs' recovery under the policy and to Defendant's liability thereunder have been performed or have occurred, but Defendant, State Farm d/b/a State Farm Fire and Casualty Company, has refused to make full payment to Plaintiffs for the aforesaid covered losses as required by the terms and conditions of the policy of insurance.

18.     Defendant, State Farm d/b/a State Farm Fire and Casualty Company, without legal justification or cause, in violation of its contractual duties, has refused and continues to refuse to fully pay and compensate Plaintiffs for their aforesaid losses.

19.     Solely as a result of Defendant's failure to make payment for the damages sustained by the Plaintiffs, coverage of which is provided in its insurance policy with Plaintiffs, Plaintiffs have suffered and will continue to suffer direct and consequential damages, namely that Plaintiffs cannot rebuild, repair, replace and/or restore Plaintiffs' premises which was damaged as a direct and proximate result of their hailstorm and wind loss.

20.     Solely as a result of Defendant's failure to make payment for the damages sustained by the Plaintiffs, coverage of which is provided in its insurance policy with Plaintiffs, Plaintiffs have sustained financial hardship and inconvenience, all of which are continuing and will continue until the foreseeable future.

21.     Defendant, State Farm d/b/a State Farm Fire and Casualty Company, breached its contract with Plaintiffs, by refusing to provide full coverage for the losses described aforesaid, which losses are covered under Plaintiffs' insurance policy with Defendant, Erie Insurance Exchange.

WHEREFORE, Andrea and Jesse Willman demand judgment against Defendant, State Farm d/b/a State Farm Fire and Casualty Company, in an amount not in excess of $50,000.00, together with costs and interest, along with such other and further relief this Honorable Court deems necessary and/or appropriate.

**COUNT II**

**BAD FAITH, 42 PA.C.S.A. § 8371**

**POLICY NUMBER PDP 0854623**

22.     Plaintiffs incorporates the averments of paragraphs 1 through 21 as though same were fully set forth at length herein.

23.     Defendant, State Farm d/b/a State Farm Fire and Casualty Company, has wrongfully and in bad faith withheld payment pursuant to the terms and conditions of the aforesaid insurance contract between Plaintiffs and the Defendant, Policy Number 78-KS-8540-9, without a reasonable basis.

24.     Defendant's denial of benefits pursuant to the terms and conditions of the insurance contract between Plaintiffs and Defendant, Policy Number 78-KS-8540-9, was with reckless disregard of the fact that such denial was without a reasonable basis and constitutes bad faith as the term "bad faith" is used in 42 Pa.C.S.A. § 8371.

25.     Despite the loss having occurred more than one year ago and after all documentation and information was timely provided, Defendant, State Farm d/b/a State Farm Fire and Casualty Company has engaged in bad faith conduct, including, but not limited to, the following:

    a.     by tendering an inadequate amount of money for the
           building claim, said amount being insufficient to

6

repair Plaintiffs' premise;

b.      by "low-balling" the Plaintiffs with regard to their insurance claim in an effort to pay as little as possible to Plaintiffs and in attempting to avoid compliance with its obligations under the contract of insurance;

c.      by failing to make a reasonable effort to negotiate the timely settlement of the building claim which would allow the Plaintiffs to repair their premises;

d.      by not proceeding with more dispatch in evaluating and settling the Plaintiffs' insurance claim;

e.      by failing to objectively and fairly evaluate the Plaintiffs' homeowners claim;

f.      by compelling Plaintiffs to institute this lawsuit to obtain policy benefits that Defendant should have paid promptly and without the necessity of litigation;

g.      by acting unreasonable and unfairly in response to Plaintiffs' claim;

h.      by failing to promptly provide a reasonable factual explanation of the basis for not fully paying Plaintiffs' claim;

i.      by conducting an unfair, unreasonable, self-serving and inadequate investigation of Plaintiffs' claim;

7

j.      by  placing  unduly  restrictive,  self-serving interpretations of the policy of insurance;

k.      by failing to give equal consideration to fully pay the claim as to not fully paying the claim; and

l.      in unreasonably valuing the loss and failing to fairly negotiate  the  amount  of  the  full  loss  with  the Plaintiffs  and/or  their  authorized  representative despite the Plaintiffs' substantial efforts to facilitate fair and reasonable negotiations.

26.     Plaintiffs have suffered damages as described in the preceding paragraphs of this Complaint due to the Defendant's wrongful, bad faith failure to pay to Plaintiffs the monies to which Plaintiffs are clearly entitled under Plaintiffs' insurance contract with Defendant, Policy Number 78-KS-8540-9.

27.     Defendant, State Farm d/b/a State Farm Fire and Casualty Company, has acted in bad faith and with reckless disregard to the rights of the Plaintiffs in failing to fully pay Plaintiffs' claim pursuant to the terms and conditions of the insurance contract between the parties, Policy Number 78-KS-8540-9.

28.     Plaintiffs are entitled to the special damages provided for by 42 Pa. C.S.A. § 8371 and to punitive damages.

WHEREFORE, Andrea and Jesse Willman demand judgment against Defendant, State Farm d/b/a State Farm Fire and Casualty Company, in an amount not in excess of $50,000.00, together with costs, interest and attorney's fees, punitive damages and special damages provided for by 42 Pa.C.S.A. § 8371, along with such other and further relief this Honorable Court deems necessary and/or appropriate.

Respectfully submitted,

**DURKIN LAW OFFICES, P.C.**

BY:   /s/ Martin A. Durkin
Martin A. Durkin, Esquire
Identification No.: 37279
1515 Market Street - Suite 940
Philadelphia, PA 19102
(215) 569-9090

Attorney for Plaintiffs

9

## VERIFICATION

Martin A. Durkin, Esquire, hereby states that he is counsel in this action for the Plaintiffs, Andrea and Jesse Willman, and verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and that this Verification is made with the knowledge, permission and consent of Plaintiffs. Counsel takes this Verification for the purpose of assuring the timely filing of this pleading.   The undersigned understands that the statements made herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**DURKIN LAW OFFICES, P.C.**

/s/ Martin A. Durkin
Martin A. Durkin, Esquire

Dated:   August 15, 2015

10

## CERTIFICATE OF SERVICE

Martin A. Durkin, Esquire, hereby certifies that a true and correct copy of the foregoing

Plaintiff's Complaint has been forwarded to the counsel of record, listed below, via electronic

filing on the 15th day of August, 2015, addressed as follows:

Pamela A. Carlos, Esquire
Lily K. Huffman, Esquire
**BENNETT, BRICKLIN, & SALTZBURG, LLC**
1601 Market Street, 16th Floor
Philadelphia, PA 19103

**DURKIN LAW OFFICES, P.C.**

/s/ Martin A. Durkin
Martin A Durkin, Esquire

11